## DE JAHN v. GAUS et al.

Court of Appeals of District of Columbia. Submitted November 22, 1927. Decided December 5, 1927.

No. 1991.

1. Patents ⊙⇒90(5)—Applicant for patent, taking no testimony, is restricted to date of application for both conception and reduction to practice.

Where applicant for patent filed application on certain date and took no testimony, he is restricted to such date for both conception and reduction to practice of invention.

2. Patents ⊙⇒91(1)—Junior party must show priority in interference proceeding.

In interference proceeding, burden of proof to show priority rests on junior party.

3. Patents ⊙⇒91(1)—Burden to show priority held properly imposed on senior party according to filing dates in this country in view of earlier filing by junior parties in Germany (35 USCA § 32; Nolan Act [35 USCA §§ 80–87]).

Examiner of Interferences held to have properly imposed burden of showing priority on one who was senior party according to respective filing dates in this country, where other applicants were joint inventors by whose authority German application was filed before earliest filing date in this country, since their joint application, when filed in this country, was entitled to rights defined by Rev. St. § 4887 (35 USCA § 32; Comp. St. § 9431), and Nolan Act, 41 Stat. 1313 (35 USCA §§ 80–87; Comp. St. §§ 9431a–9431h).

4. Patents ⊙⇒98—Oath verifying patent application, taken in Germany before Royal Spanish consul charged with protection of American interests, held valid (Nolan Act, § 5 [35 USCA § 84]).

Oath of joint inventors, verifying application for patent in Germany, taken before Royal Spanish consul, charged with protection of American interests, on June 11, 1920, is valid oath, under provisions of Nolan Act, § 5 (35 USCA § 84; Comp. St. § 9431e).

Appeal from the Commissioner of Patents.

Interference proceeding between Fredrik W. De Jahn and Wilhelm Gaus and Wilhelm Wild. The decision of the Examiner of Interferences, awarding priority to Gaus and Wild, was affirmed by the Commissioner of Patents, and De Jahn appeals. Affirmed.

H. V. Briesen, of New York City, and C. P. Coe, of Washington, D. C., for appellant.

W. E. Warland, of New York City, for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. An appeal in an interference proceeding. The invention in question is a process of manufacturing nitrogen-hydrogen mixtures suitable for the synthetic production of ammonia. The issue is defined in three counts, of which count 3 is copied for illustration:

"3. The process of manufacturing nitrogen-hydrogen mixtures suitable for the synthetic production of ammonia by subjecting to catalytic decomposition with steam mixed gas generated in a water gas producer by simultaneously employing preheated steam and suitably controlled quantities of air, said mixed gas having such composition that by the subsequent removal of carbon dioxide and of impurities, a gas mixture of the composition required for the production of ammonia is obtained.

[1, 2] De Jahn filed his application on November 3, 1917, and inasmuch as he took no testimony he is restricted to that date for both conception and reduction to practice. Gaus and Wild filed their application in the United States Patent Office on July 9, 1920, but relied for conception and constructive reduction to practice upon an application filed in Germany on July 2, 1915, which was filed by the Badische Anilin & Soda Fabrik with their consent and as their assignee. According to the respective filing dates in this country, De Jahn would be the senior party, and the burden of proof would rest upon Gaus and Wild. The latter parties, however, filed a motion to shift the burden of proof, relying upon the date of the earlier application filed in Germany, which was prior to De Jahn's filing date. The motion was granted over the objection of De Jahn, and the burden of proof was imposed upon him as the junior party. De Jahn took no testimony, and therefore failed to discharge this burden, and priority was awarded to Gaus and Wild. An appeal was taken by De Jahn to the Examiners in Chief, who affirmed the decision of the Examiner of Interferences; the decision of the board was affirmed upon appeal by the Commissioner of Patents, whereupon the present appeal was taken.

[3, 4] The controlling question in the case is whether the Examiner of Interferences was right in imposing the burden of proof upon De Jahn. We think the ruling was right. The record discloses by lawful evidence that Gaus and Wild were joint inventors of the process in question, that by their authority the German application was filed by the Badische Anilin & Soda Fabrik on July 2, 1915, and that their joint application when filed in this country was entitled to the rights defined by section 4887, Rev. Stat. (35 USCA § 32; Comp. St. § 9431), and the Nolan Act (41 Stat. 1313 [35 USCA §§ 80–87; Comp. St. §§ 9431a–9431h]). It appears that this application was verified in Germany by Gaus and Wild on June 11, 1920, before a Royal Spanish consul charged with the protection of American interests. Such an oath is valid under the provisions of section 5 of the Nolan Act (35 USCA § 84; Comp. St. § 9431e).

The questions herein involved are discussed with great clearness, and with full citation of authorities, in the opinions written by the tribunals of the Patent Office, and it is unnecessary for us to do more than refer to them with the approval of the court.

The decision appealed from is affirmed.