31 C.C.P.A. (Patents)

## BROOS v. BARTON.

### Patent Appeal No. 4834.

Court of Customs and Patent Appeals.
April 15, 1944.

Harry G. Grover, James G. Norton, and Abraham S. Greenberg, all of New York City, for appellant.

Howson & Howson, of Philadelphia, Pa., and William A. Smith, Jr., of Washington, D. C. (Charles H. Howson, of Philadelphia, Pa., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Interference Examiners of the United States Patent Office awarding to appellee priority of invention of the subject matter described in counts 1, 3, and 4 of the interference. Priority with respect to count 2 was awarded to appellant and

no appeal was taken by appellee from such award.[1]

In view of the questions presented by the appeal, it is unnecessary to discuss the invention or the counts forming the issue.

It appears that appellant, on August 3, 1936, filed in the Patent Office of Germany an application disclosing the involved invention, and he was given that date by the board for conception and reduction to practice of the invention; that on August 4, 1936, appellee filed in the British Patent Office an application disclosing the invention, and he was given that date for constructive reduction to practice of the invention. The board further found that appellee was entitled to the date of July 24, 1936, for conception of the invention, and that his activities in this country toward filing his British application constituted such diligence in reducing the invention to practice as to entitle him to an award of priority. In other words, the board held that appellee, although the last to reduce the invention to practice, was the first conceiver thereof, and was diligent in reducing it to practice.

These holdings were made under the board's construction of the provisions of section 4887, R.S., U.S.C., title 35 sec. 32, 35 U.S.C.A. § 32.

Pursuant to the provisions of our Rule XXV, Part 3 (e), the parties stipulated a "Statement of the Facts of the Case" which reads, in part, as follows:

"This appeal arises from an interference in the Patent Office, No. 78,919, between an application of Henricus A. Broos, Serial No. 157,078, filed August 3, 1937, for Low Frequency Amplifier, assigned to Radio Corporation of America, and an application of Loy E. Barton, Serial No. 116,803, filed December 19, 1936, for Amplifier Circuits, assigned to Philco Radio and Television Corporation.

"The appeal is taken by the junior party Broos from the decision of the Board of Interference Examiners, dated August 28, 1942, awarding priority to the senior party Barton as to Counts 1, 3 and 4 of the interference issue. The reasons assigned by the party Broos for the appeal are set forth in his Notice of Appeal to this Court.

"Question Raised on Appeal

"The questions raised by the party Broos on the appeal are questions of law only.

"The question is:

"Is the party Barton, who filed an application in Great Britain on August 4, 1936 disclosing the subject-matter of Counts 1, 3 and 4 of the interference issue, and who filed an application for the same invention in the United States on December 19, 1936, i. e., within one year from his filing date in Great Britain, entitled to the award of priority by reason of the filing of the said applications and proof of conception and of other acts performed in the United States immediately preceding August 3, 1936, pertaining to and culminating in the filing of the said application in Great Britain?"

As subsidiary to the above question, the following is presented:

"(a) Is the party Barton, who is entitled to an effective date of invention at least as early as August 4, 1936, the filing date of his said application in Great Britain, entitled to rely, in establishing priority, on proof of conception and of other acts performed in the United States immediately preceding August 3, 1936, pertaining to and culminating in the filing of the said application in Great Britain?

"(b) Is the party Barton, who presented no proof of activity between August 4, 1936, the filing date of his said application in Great Britain, and December 19, 1936, the filing date of his said application in the United States, entitled to the award of priority by reason of diligence between his conception of the subject-matter of Counts 1, 3 and 4 of the interference issue in the United States and the filing date of his said application in the United States, in view of the filing of the said application in Great Britain and proof of conception and of other acts performed in the United States immediately preceding August 3, 1936, pertaining to and culminating in the filing of the said application in Great Britain?"

Then follows a recital of the stipulated testimony which shows that in the month of July, 1936, appellee was employed by the Philco Radio and Television Corporation, appellee's assignee, in Philadelphia, Pennsylvania; that in the course of such

---

[1] This cause was originally decided by this court on the 7th day of February, 1944. Thereafter, counsel for appellant filed a petition for rehearing. The re-hearing was granted April 14, 1944, for the purpose of permitting the court to revise the original opinion without changing the conclusion there reached.

employment he conceived the invention in issue, and disclosed it to the attorneys of his employer; that the draft of his said British application disclosing the invention in issue was prepared and was thereafter, on July 28, 1936, sent to Great Britain, and that it was received in the British Patent Office on August 4, 1936. It further appears from said stipulated testimony that appellee presented no testimony of activities by him or in his behalf between August 4, 1936, and the date of filing his application here in interference on December 19, 1936.

■ It is unnecessary to state in further detail the stipulated evidence for if appellee's application here in interference had been filed in the United States on August 4, 1936 (the date of his British application), the activities in behalf of appellee in preparing the application would have constituted diligence entitling him to an award of priority.

Therefore, the only questions before us are:

1. Is appellee entitled to the date of August 4, 1936, the date of his British application, for constructive reduction to practice of the invention?

2. Was appellee diligent in reducing the invention to practice?

The determination of the first question rests in the construction of section 4887, supra, which read, when appellee's applications were filed, as follows:

"No person otherwise entitled thereto shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid by reason of its having been first patented or caused to be patented by the inventor or his legal representatives or assigns in a foreign country, unless the application for said foreign patent was filed more than twelve months, in cases within the provisions of section forty-eight hundred and eighty-six of the Revised Statutes, and six months in cases of designs, prior to the filing of the application in this country, in which case no patent shall be granted in this country.

"An application for patent for an invention or discovery or for a design filed in this country by any person who has previously regularly filed an application for a patent for the same invention, discovery, or design in a foreign country which, by treaty, convention, or law, affords similar privileges to citizens of the United States *shall have the same force and effect as the same application would have if filed in this country on the date on which the application for patent for the same invention, discovery, or design was first filed in such foreign country:* Provided, That the application in this country is filed within twelve months in cases within the provisions of section forty-eight hundred and eighty-six of the Revised Statutes, and within six months in cases of designs, from the earliest date on which any such foreign application was filed. But no patent shall be granted on an application for patent for an invention or discovery or a design which had been patented or described in a printed publication in this or any foreign country more than two years before the date of the actual filing of the application in this country, or which had been in public use or on sale in this country for more than two years prior to such filing." (Italics ours).

By the act approved August 5, 1939, said section 4887 was amended in certain respects not material to this controversy.

Both Germany and Great Britain were countries embraced within the provisions of said section.

■ It is so well settled as to require no citation of authority that the filing in the United States of an application for a patent for an invention is a constructive reduction to practice of the invention, and that diligence by the applicant in preparing the application entitles him, in an interference proceeding, to an award of priority if he is the first to conceive the invention, even though his opponent has reduced the invention to practice prior to the applicant's constructive reduction to practice.

It is appellant's contention, however, that in the case of an application filed in a foreign country there is no constructive reduction to practice. Speaking of the term "constructive reduction to practice," appellant's brief states:

"Appellant believes that this language was chosen without regard to a situation like that here submitted for your esteemed consideration. We think 'constructive reduction to practice' as applied to a convention date in a foreign country has been used synonymously with *effective date of invention* and, in the usual case, has served well enough for that purpose. Here, however, in order that real and not fancied law may prevail, we must restrict a con-

vention date to that which, in law, it really is; namely, an effective date of invention obtained by operation of a particular Statute (Section 4887), standing of itself apart, and existing solely by virtue of special international agreements.

"We can, if we wish, and our government has done so, say that one who files in this country an application for patent for his invention within twelve months of his filing date in a foreign country shall have the benefit of his foreign filing date as his effective date of invention and we may choose 'same force and effect' or other language which we think suitable to effectuate this purpose. We can hardly say, because it simply is not true in any normal meaning of language, that one who files an application abroad has, by such act, reduced an invention to practice in the United States. Certainly there is no statute of this country which makes any such anomalous statement."

It will be observed that appellant distinguishes the terms "constructive reduction to practice" and "effective date of invention." He argues that while the date of the filing of an application in a foreign country a party to the international convention is by virtue of section 4887 the effective date of the invention described in the application, it is not to be regarded as a constructive reduction to practice of the invention, although he admits that this and all other courts having jurisdiction over patent controversies, and the Patent Office have so considered it.

If appellee's British application had been filed in the United States on August 4, 1936, it is too clear for argument that it would have been a constructive reduction to practice of the invention.

Section 4887 clearly provides that where an application is filed in the United States within the prescribed period after a like application has been filed in a foreign convention country, such domestic application shall have the "same force and effect" as the same would have had if it had been filed in this country on the date that it was filed in the foreign country.

The language of the statute is clear and unambiguous. If appellee's application here involved had been filed in the United States on August 4, 1936, of course it would have been a constructive reduction to practice of the invention, regardless of section 4887, and appellee's diligence in preparing the application would have entitled him to an award of priority.

By the express terms of section 4887, appellee's application here involved shall "have the same force and effect" as the same application would have if filed in the United States on August 4, 1936, that being the filing date of his foreign application.

■ Congress thus having provided that where an application is duly filed in a country coming within the provisions of section 4887, an application for the same invention filed in the United States within twelve months from the date of the foreign application shall have the same force and effect as if filed in the United States upon the date of the foreign application, it clearly must be governed by the same rules as are applied to applications originally filed in this country and the doctrine of constructive reduction to practice, and the rule of diligence in the United States in preparing the application for filing, clearly are applicable in the consideration of such application. To hold otherwise would plainly violate the provisions of section 4887.

■ Applying the foregoing to the case at bar, appellee's application must be considered in the same manner and to the same extent as if it had been filed in the United States on August 4, 1936.

This conclusion is in accord with the decision in the case of Kisovitz v. Rosenberg, 50 App.D.C. 214, 269 F. 866, 867 (cited in the decision of the Board of Interference Examiners in the instant case), from which we quote:

"Appellee's British application, filed February 9, 1916, and his United States application, filed January 16, 1917, fell within the limitations of section 4887, Rev.Stats. (Comp.St. § 9431 [35 U.S.C.A. § 32]). This gives the United States application the same force and effect as it would have if it had been filed on the date the British application was filed. Inasmuch as the preliminary steps leading up to the filing of the British application were found by the tribunals below to have occurred at a time prior to any date to which appellant can lay claim, and we concur in this finding, appellee must prevail."

The Board of Interference Examiners also cited our decision in the case of Wil-

son et al. v. Sherts et al., 81 F.2d 755, 761, 23 C.C.P.A., Patents, 914, in which we said:

"The right of a party to have the benefit of the filing date of a foreign application for a patent as a constructive reduction to practice is purely statutory. Without the benefit of said section 4887, R.S., appellants would not be entitled to consideration of their British provisional application at all. It seems to us that the right of the appellants to the benefit of their activities abroad must be found within the four corners of this statute, and the only right thus granted is the benefit of the filing date of the foreign application. It is our opinion that activities abroad, either in actual or constructive reduction to practice of an invention, unaccompanied by any activities in the United States, may not be considered in establishing diligence in reducing an invention to practice, and we so hold. To paraphrase what was said in the case of Rebuffat v. Crawford, supra [68 F.2d 980, 21 C.C.P.A.,Patents, 901], Wilson and Dick cannot obtain any benefit in this interference for any work they did abroad under the issue in this proceeding. The evidence clearly establishes that there were no activities by them in the United States toward reducing their invention to practice during the critical period. Had there been such activities in the United States, we express no opinion as to whether, under such circumstances, the activities of appellants abroad could be considered on the question of whether they had shown the necessary diligence."

Appellant's construction of the quoted language is erroneous in assuming that we stated that if all of the activities had occurred in the United States, we expressed no opinion as to whether such activities could be considered as establishing diligence in effecting a constructive reduction to practice of a foreign application. While we expressed no opinion upon the question here involved, it is clear from the above quoted language that the matter concerning which we expressed no opinion was whether activities in the United States could, in an interference proceeding, be *coupled with activities abroad* to establish diligence.

In the case at bar, all of the activities of appellee constituting diligence occurred in the United States.

Appellant, in his brief, raises the question of public policy in permitting American inventors to make applications abroad for patents for their inventions, delaying the filing of United States applications therefor, and still be protected in interference proceedings by being accorded their foreign dates for constructive reduction to practice. Appellant contends, in effect, that in the public interest such applicants should not be permitted in interference proceedings to receive awards of priority based upon diligence in the United States in preparing such applications.

The answer to this suggestion is that neither the Patent Office tribunals nor the courts may determine questions of public policy contrary to the expressed will of Congress. Congress has provided that where an application has been filed in a foreign country a later application for the same invention filed in this country within twelve months from the date of the foreign application shall have the same force and effect as if filed in this country on the date of the foreign application. If said provision is not in accord with a proper public policy for the United States, Congress alone has the power to modify the provision and this court can not, by judicial legislation, undertake to do so.

Appellant, in his brief, discusses at some length the cases of Electric Storage Battery Co. v. Shimadzu et al., 307 U.S. 5, 613, 616, 59 S.Ct. 675, 83 L.Ed. 1071, and In re McFarlane, 125 F.2d 169, 29 C.C.P.A., Patents, 810. However, as observed by appellant, these cases have no application to interference proceedings which are governed by sections 4887 and 4923 R.S., 35 U.S.C.A. §§ 32, 72, while the statute construed in said decisions was section 4886 R.S., 35 U.S.C.A. § 31.

From the foregoing, it is clear that appellee was chargeable with diligence from immediately prior to August 3, 1936, the date to which appellant is entitled for conception and reduction to practice, to August 4, 1936, the date to which appellee is entitled to constructive reduction to practice.

It is conceded that appellee is entitled to the date of July 24, 1936, for conception; thus only eleven days intervened between his conception and reduction to practice. This is not an unreasonable period of time for the preparation of the specification and drawings of an application for a patent. Moreover, it appears that during that period appellee's attorneys prepared the application and drawings for appellee's

British application, which were no doubt of benefit in the preparation of the United States application.

In the case of Jones v. Evans, 46 F.2d 197, 203, 18 C.C.P.A.,Patents, 866, we said:

"Each case where diligence is involved, rests and must be decided upon its own facts, and all the surrounding circumstances must be viewed and considered in determining whether there was sufficient diligence."

We, therefore, conclude that appellee was not lacking in diligence in reducing the invention to practice.

For the reasons herein stated, the decision of the Board of Interference Examiners is affirmed.

Affirmed.