54 CCPA

**Josef SCHMITT and Jacques J. Panouse,**
**Appellants,**

v.

**John C. BABCOCK and Milton E. Herr,**
**Appellees.**

**Patent Appeal No. 7667.**

United States Court of Customs
and Patent Appeals.

May 25, 1967.

---

Stevens, Davis, Miller & Mosher, Roger L. Hansel, Washington, D. C., for appellants.

Eugene O. Retter, Kalamazoo, Mich., for appellees.

Before WORLEY, Chief Judge, RICH, SMITH, and ALMOND, Judges, and WILLIAM H. KIRKPATRICK.*

SMITH, Judge.

Babcock and Herr were awarded priority as to the sole count in interference based on a constructive reduction to practice of the invention prior to appellants Schmitt and Panouse. The Board of Patent Interferences denied Schmitt and

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

Panouse's claim to the benefit of the earlier filing date of a French application under 35 U.S.C. § 119. Had the Board found that appellants were entitled to the earlier filing date, the parties agree the award of priority should have gone to appellants. The sole issue presented is whether the board erred in denying appellants' claim to the benefit of an earlier filing date under 35 U.S.C. § 119. We will state at this point that the issue relates to the necessity of an identity of inventorship in a foreign and United States application in order to claim the benefits provided by section 119. Resolution of this issue requires a consideration of the circumstances which gave rise to appellants' claim.

*Background*

On September 12, 1959, patent application No. 805,106 claiming amino compounds was filed in France. The following designations appear in the application:

APPLICATION FOR A 20-YEAR PATENT OF INVENTION

AGENT: Jean Casanova, Consulting Engineer * * *

FIRM NAME acting for ETABLISSEMENTS CLIN–BYLA, Societe Anonyme, a French firm * *

* * * * * *

TITLE "Amino Compounds of the Steroid Series, and Process for Preparation of Said Compounds (Jacques Joseph PANOUSE, inventor);

* * * * * *

The undersigned ETABLISSEMENTS CLIN–BYLA, Société Anonyme, main office 20 rue des Fossés St. Jacques, Paris, a French firm, issues a power of attorney to Jean Casanova, Consulting Engineer, 23 boulevard de Strasbourg, Paris, to prepare in France for it and in its corporate name, an application for a twenty-year patent of invention for "Amino Compounds of the Steroid Series, and Process for Preparation of Said Compounds" (Jacques Joseph PANOUSE, inventor).

* * * * * *

Signed: illegible

ETABLISSEMENTS CLIN–BYLA Société Anonyme

On June 8, 1960, appellees filed their United States application, Ser. No. 34,-643. On September 9, 1960, United States application, Ser. No. 54,858, was filed in the name of and sworn to by appellants Schmitt and Panouse. The oath sets forth the French application, No. 805,106, claiming a right of priority. Concurrently therewith appellants filed an assignment of all rights in the application to ETABLISSEMENTS CLIN–BYLA, hereafter CLIN–BYLA. On April 19, 1962, the interference was declared. On June 19, 1962, appellants filed a notice of reliance on the French application under the International Convention and 35 U.S.C. § 119.

There is of record a translation of a document originating in France, dated October 12, 1962, wherein it is certified that "Josef Schmitt" has been added as a second inventor to the French application.

*Proceedings Below*

The primary examiner granted appellants' motion to shift the burden of proof. Appellees argued, according to the primary examiner's opinion, as follows:

* * * Specifically Babcock et al set forth that no showing has been made to establish the fact that the filing of the foreign application by less than all the joint inventors was made through error and without deceptive intention or that such amendment was diligently made, citing 35 U.S.C. 116 and Rule 45.

The primary examiner stated the issue as follows:

* * * The sole question for determination is whether the requirements for the addition of an inventor must be met in accordance with domestic practice or be in conformance with the laws of the foreign country. * * *

In resolving the issue in favor of appellants, the primary examiner reasoned as follows:

\* \* \* It would appear that such a question involving a matter of form and not of substance should be resolved on the basis of the requirements of the foreign law under the terms of the International Convention for the Protection of Industrial Property wherein the following applicable section is set forth in Article 4.

.''Every application which under the home law of any country of the Union, or under international treaties concluded between several countries of the Union, is equivalent to a regular national application, shall be recognized as giving rise to a right of priority''.

Inasmuch as the original foreign application and the same later converted application are admitted to be ''a regular national application'', supra, it is not apparent under the terms of the International Convention, how foreign applicants may be required to conform to the rules and regulations of another country and in their failure to do so, deny them the right of priority set forth under the provision of an international agreement. Therefore, as the French application supports the count of the interference (and this is conceded by Babcock et al) and as amended said application is a proper application under the law of France, the motion by the party Schmitt et al to obtain the benefit of the filing date of their French application Ser. No. 805,106, filed September 12, 1959 is *granted.* 35 U.S.C. 119.

Upon request for reconsideration the primary examiner adhered to his original decision.

The board, in its opinion, considered the same question decided by the primary examiner but came to an opposite conclusion. Thus priority of invention was awarded to Babcock and Herr on the basis of their filing date. Before considering the board's reasoning, we will set forth the positions of the parties as they appeared before the board. These positions are well summarized in the board's opinion as follows:

*Appellee:*

It is the position of Babcock et al. that Schmitt et al. are not entitled to rely on the filing date of the French application for a constructive reduction to practice for the reason that they have not fulfilled the conditions required by 35 U.S.C. 119, as elucidated in M. P. E. P. sections 201.13 and 201.15. Thus it is urged that as the inventive entities of the foreign and U. S. applications differ, benefit of the earlier filed convention application cannot be obtained. Ex parte Benes, 339 O.G. 499, 1925 CD 75 and Ex parte Lowe et al., 35 USPQ 381, are cited in support of the foregoing. It is the contention of Babcock et al. that the filing of a foreign application in compliance with the filing requirements of the law of the foreign convention country is not in itself sufficient to give the inventor the benefit of the foreign date of said application, 35 U.S.C. 119 only setting forth that the application ''shall be recognized as giving rise to a right of priority.'' Babcock et al. therefore cite Broos v. Barton, 31 C.C.P.A. 1089, 142 F.2d 690, 568 O.G. 11, 1944 CD 428, 61 USPQ 447 and Wickman v. Vinco Corp., (CA 6) 288 F.2d 310, 129 USPQ 43 to indicate that foreign applications must meet the requirements of the United States patent statutes in order to be given the benefit thereof. Accordingly it is concluded by Babcock et al. that since the French application was originally filed in the name of Panouse only, while the U. S. application was filed by Schmitt and Panouse, it would be necessary for the party Schmitt et al. to file papers in compliance with Rule 45(c) in order to obtain benefit of the convention application. Thus Schmitt et al. are said not to be entitled to their convention date because they failed to set forth a verified statement of fact tending to establish

that the nonjoinder of inventor in the original filed French application was made by error and without deceptive intention and that correction thereof was diligently made, notwithstanding the apparent acceptance by the French Patent Office of the conversion of said application to that of the joint inventors, Panouse and Schmitt, on or about October 12, 1962.

*Appellant:*

Both the Primary Examiner and the party Schmitt et al. take the position that as the French application complied with the terms of Article 4 of the International Convention for the Protection of Industrial Property and the applicable foreign practice, they are entitled to rely thereon. Schmitt et al. urged that French law allows an application to be filed by the assignee and does not require the inventors to be named. Therefore it is contended that as French law does not require an inventor to be named the omission of one inventor would not be an error and would not need to be corrected. Accordingly Schmitt et al. urge that 35 U.S.C. 119 requires only that the foreign application be filed by the assigns of the inventor and the record shows that Clin-Byla is the assignee of Schmitt and Panouse. In any event, Schmitt et al. urge, that we give full force and effect to the French Patent Commissioner in his addition of the name of Schmitt to the French application in issue. To further support their position section 201.15 is cited, the pertinent portion of which states:

"If the named applicant in the foreign application differs from the applicant in the U. S. application, the examiner should refuse to recognize the priority date until the matter is taken care of, unless the priority papers show that the inventor in the foreign application is the same as the inventor in the U. S. application. If the oath states the foreign serial number and this corresponds with the certified copy submitted, it may be assumed that the same applicant is involved."

Having identified the prior French application by serial number in their oath, Schmitt et al. contend that they have fully complied with 35 U.S.C. 119.

The board stated a theory different from that advanced by the parties as to the proper resolution of the issue. We will now consider the board's opinion.

After quoting Article 4, supra, the board turned to a consideration of section 119, the statutory provision enacted to implement Article 4. As to section 119, the board concluded:

\* \* \* As we interpret \* \* \* [section 119] the foreign application must have been filed by the assigns on behalf of the inventors or with their knowledge and consent; that is, at the time of the filing of the French application Clin-Byla must have been the assignee of both Panouse and Schmitt.

Although a literal interpretation of the first paragraph of Section 119 might indicate that Schmitt et al. need only establish that Clin-Byla was their assignee at the time the U. S. application was filed in order to obtain the benefit of the Clin-Byla filed French application, a review of the history of the enactment of Section 119 clearly indicates no intention by Congress to change the then existing law.

The board considered R.S. 4887, the predecessor to section 119, and House Report No. 1923 of May 12, 1952, reprinted in 34 J.P.O.S. 49 (1952). From the "Revision Notes" (see 34 J.P.O.S. at 595) the board concluded section 119, as relevant here, did not change then existing law, R.S. 4887. Considering R.S. 4887, the board observed that no mention was made of "legal representatives or assigns" as is now stated in section 119. The board concluded:

From the foregoing it can be seen that R.S. 4887 did not provide for an assignee to file the foreign application in its own name if the inventors were to obtain benefit therefor.

However, the board immediately pointed out:

> \* \* \* the "actual practice" followed under R.S. 4887 is set forth in the above noted section of the M. P. E. P. 201.15 and Steel et al. v. Myers, 205 O.G. 1021, 1914 CD 74 and by the Court in De Jahn v. Gaus et al., 57 App.D.C. 341, 23 F.2d 762, 369 O.G. 488, 1928 CD 87 (affirming 369 O.G. 487, 1928 CD 22). The above cases set forth that if the foreign application had been filed by the assignee, not naming any inventor, while the oath of the U. S. application referred to the foreign application by its serial number, this should be taken as establishing, prima facie, that the foreign application was filed by the inventor with his authority and consent.

Thus, where the foreign application is silent as to inventorship, according to the board, under "actual practice," no inquiry was made as to whether the foreign application was filed by the inventor with his authority and consent. Presumedly, the inventor's oath was sufficient to establish in the absence of contrary evidence that the applicant was the true inventor of the claimed invention and was responsible for the foreign application. See MPEP 201.15.

The board viewed the instant case as being different from the cases cited. It explained:

> \* \* \* in the earlier cases, where there was no inconsistency on the face of the record, it was held to be prima facie established that the foreign applications were filed with the authority and consent of the inventors. Here, there can be no prima facie case for there is an inconsistency on the face of the record with respect to the inventorship. It therefore becomes necessary for this inconsistency to be resolved, and the burden is upon the party whose records contain the inconsistency to resolve the issue.

The board then stated its theory as to what issue was presented for determination:

The question now before us is the manner by which an inconsistency in the inventorship between a foreign and domestic application must be resolved. \* \* \* Contrary to the position taken by the Primary Examiner, we consider the question of the determination of inventorship to be a matter of substance rather than form; therefore, the applicable U. S. law must be applied to the foreign application to establish whether or not the party Schmitt et al. has the right to rely thereon for a constructive reduction to practice. Under U. S. practice it has been consistently held that where there is a conflict between the inventive entities of a prior and a continuing application, the issue of the inventorship can only be resolved by the taking of testimony or introduction of other evidence rather than from the record itself \* \* \*.

In holding for Babcock and Herr, the board found the following defects in appellants' case: (1) appellants' United States oath was self-serving and entitled to little weight in an inter partes proceeding; (2) the attestation by an official of the French Patent Office does not establish any material fact because it does not indicate (a) any reason for the addition of Schmitt or (b) that Schmitt was added to the French application at the time it was filed or that (c) CLIN–BYLA originally had authority to file the application on behalf of both Schmitt and Panouse jointly.

The board was of the view that the omission of Schmitt was an "error" which had to be explained. It reasoned the "error" could have been either that of the assignees, the attorneys or the inventors. It also stated:

> \* \* \* it is at least possible that at the time of the filing of the French application, of which both Panouse and Schmitt were the inventors, only Panouse assigned his rights to Clin-Byla, Schmitt not having done so until sometime subsequent thereto, perhaps subsequent to the declaration of the interference. Under such circumstances

Panouse and Schmitt would not be entitled to the benefit of the French application under the provisions of 35 U.S.C. 119, as we have interpreted it supra. * * *

Before setting forth its holding, the board expressly stated certain issues which it did not purport to decide:

* * * In so far as the propriety of the addition of second inventor's name under the provisions of French law is concerned, we do not find it necessary to consider the matter * * *.

* * * * * *

While it may have been necessary for the party Schmitt et al. to establish their joint inventorship in the French application and the right of Clin-Byla to apply therefor on their behalf by duly taken testimony or by the introduction of other appropriate evidence, it is not our holding that such testimony or evidence must necessarily be either in the nature of that required by Rule 45(c) or be of record in the French application. * * *

* * * the question of their diligence in presenting sufficient evidence, as raised by Babcock et al., need not be considered by us.

The holding of the board was as follows:

* * * It is our holding, however, that the evidence of record now before us (the original oath of the U. S. application and the attestation of the French Patent Office) is not sufficient to establish that there was a prior French application filed by Clin-Byla on behalf of Panouse and Schmitt on September 12, 1959.

A fair summary of the board's position is that Schmitt and Panouse have not shown that they, or their "legal representatives or assigns have, previously regularly filed an application for a patent for the same invention in a foreign country," section 119. If they had shown this fact then their United States application would "have the same effect" as if filed in the United States on the date the foreign application was filed, section 119. While the board spoke of "error" and "diligence," as set forth in section 116 and Rule 45, it expressly denied any application of Rule 45 and presumedly section 116. On the other hand, the board relied on "U. S. practice" and case law interpreting section 116, notably In re Schmidt, 293 F.2d 274, 48 CCPA 1140, 130 USPQ 404. Whether the board applied section 116 or not, which is not clear, the present issue arises under section 119 and must be resolved accordingly.

We shall first dispose of appellees' contentions, namely, that appellants must prove that the inventorship in the French application was made through "error" and without "deceptive intention," section 116, and an amendment in this application was "diligently made," Rule 45. Section 116 provides, in part:

Whenever * * * a joint inventor is not included in * * * [a United States] application through error, and such error arose without any deception on his part, the Commissioner may permit the [United States] application to be amended accordingly, under such terms as he prescribes.

Appellants do not want to amend their *United States* application. To say that section 116 applies to foreign applications leads to the unsupportable conclusion that the U. S. Commissioner of Patents may permit the amendment of foreign applications. Similarly, Rule 45 is based on section 116 and is concerned with amending *United States* applications. In the present case there is simply nothing to amend within the scope of section 116 and Rule 45.

Appellees' argument that if appellants are not required to prove diligence, Rule 45, then United States inventors are discriminated against is without force. *All* inventors who file *United States* applications must comply with section 116 and Rule 45, as to *those* applications. Appellees further argue that should we

not somehow apply section 116 and Rule 45, then:

* * * Otherwise, in effect a U. S. application derived from a convention case need only comply with the patent statutes of the convention country, and the above-cited rule and statute can be ignored. The statute and the rule cannot be ignored any more than the remainder of the body of U. S. Patent Law can be ignored. * * *

It is also argued:

* * * As emphasized in the dicta of Broos v. Barton [142 F.2d 690], 31 CCPA 1089, 61 USPQ 447, and Wickman v. Vinco [Corp.], 288 F.2d 310, 129 USPQ 43, the foreign application can only be relied on for priority if it meets *every* requirement of U. S. patent statutes. For example, failure to comply with such statutory requirements as unobviousness (35 U.S.C. 103) and written description (35 U.S. C. 112) would certainly be fatal.

Appellees have confused the United States requirements for *patentable inventions*, sections 100–104, and requirements of *United States applications*, sections 111–122, with the *benefit* of an earlier filing date based on a *foreign* application. A United States application does not "derive from a convention case" so that it need only "comply with the patent statutes of the convention country," as argued by appellees. United States applications must be judged on their own merits whether the benefit of an earlier filed foreign application is claimed or not and this regardless of the applicant's citizenship. Appellees have failed to point out a single defect in appellants' United States application. Accordingly, we may proceed under the assumption that Schmitt and Panouse are the true joint inventors of the subject matter disclosed therein and that their United States application complies in all respects with Title 35.

Returning to a consideration of section 119, it is agreed that appellants have made a "claim" for "right of priority" as required by that section. In fact there is no objection that any portion of section 119, Rule 55, or MPEP 201.15, has not been met other than as noted above by the board.

Appellants argue the board's decision herein concerning section 119 is directly opposite to that in Reichstein v. Brink, 147 USPQ 115 (Bd.App.1964).[1] Appellants state:

* * * Now, quite in contrast, in Reichstein et al. v. Brink et al., 147 U.S.P.Q. 115 a differently constituted Board (but not wholly so, both Boards including Mr. Bailey) earlier in the same year of this decision, ruled, on a factual situation *legally identical* to that *now before this Court, that the oath alone controlled, while following upon the same cases as were cited by the Board in this interference.* That Board also followed the same M.P.E.P. section, as here *was not* followed., Moreover, the Board in the *Reichstein et al* case *did not* have before it an attestation as added evidence.

■ An examination of *Reichstein* and MPEP 201.15, supra, reveals that the principles stated therein are indeed contrary to the board's conclusion here. Thus where the inventive entity *differs* in the foreign and in the United States application, the examiner should refuse to recognize the priority date "until the inconsistency or disagreement is eliminated," MPEP 201.15. It is conceded that both applications now name the same inventive entity. Thus appellants resolved the "disagreement."

■ We construe section 119 as follows. Where a proper claim for priority is made a timely filed *United States* application is entitled to the earlier filing date of a foreign application when (1) "any person" or his "legal representa-

---

1. Appellants also rely on the following decisions: Steel v. Myers, 1914 C.D. 74; Michelin v. Hayes Wheel Co., 300 F. 458 (E.D.Mich.1924); Ex parte Mattlet, 1926 C.D. 62; De Jahn v. Gaus, 1928 C.D. 22; Joseph Bancroft & Sons Co. v. Brewster Finishing Co., 113 F.Supp. 714 (D.N.J.1953).

tives or assigns" has (2) "previously regularly filed * * * in a foreign country which affords similar privileges" (3) a foreign application "for the same invention." The requirements of section 116 and Rule 45 are inapplicable to foreign applications where a claim to the benefit of an earlier filing date is made under section 119.

The board questions whether item (1) has been met. We think it has on the evidence of record. As we view section 119, it gives to inventors a privilege of claiming an earlier date as to priority. Appellants here have claimed that privilege. They have sworn that they are the inventors of the claimed subject matter and are responsible for the French application. They have further shown that the inventive entity is the same for both applications. Appellees concede that there exists the required identity of invention and that the *foreign application* was "regularly filed * * * in a foreign country." We think that at this point appellants are entitled to rest their case.

■■ The board was disturbed about the possibility that Schmitt did not in fact consent to the filing of the French application at that time or that he did not consider himself to be a co-inventor at that time. We think the board is correct in concluding that section 119 requires that the privilege afforded thereby be claimed by the inventors designated in the United States application. However, we think it was appellees' burden to prove, after appellants claimed the privilege in view of the evidence of record, that they were not entitled to it. Appellees have failed to produce any evidence that Schmitt and Panouse, or their legal representative, did not cause to be filed in France a regular application or that Schmitt and Panouse are not the inventors of the subject matter here claimed.

In regard to the possibilities cited by the board, we note that there is no evidence of record explaining precisely why Schmitt's name was originally omitted from the French application There is

no argument of record that CLIN–BYLA was not entitled to omit Schmitt, or even Panouse, if it so desired. In the present case, we note that CLIN–BYLA expressly provided in the French application that it did not wish to have its address fully published. Thus we can perceive no error or wrongdoing per se simply from the fact that Schmitt was not originally listed. Appellees do not dispute that CLIN–BYLA merely exercised a right of secrecy, intentionally or not, provided by French law.

■ Appellees have failed to demonstrate by competent evidence that Schmitt and Panouse are not entitled to secure the benefit provided by section 119. We find that the primary examiner correctly concluded that Schmitt and Panouse had complied with the provisions of section 119 and, on the record, were the first inventors of the subject matter defined by the count.

We therefore conclude that the board's decision must be reversed.

Reversed.

RICH, J., concurs in the result.

WORLEY, C. J., did not participate.